On Return to Remand
This cause was remanded to the trial court with instructions to conduct a Batson hearing at which the State would give reasons for its strikes of black veniremembers.
The trial court, having complied with those instructions, has issued the following order:
 "As required by the order of the Alabama Court of Criminal Appeals dated March 24, 1995, the undersigned conducted a Batson hearing and required the assistant district attorney who prosecuted the case to state his reasons for striking black veniremembers. The hearing was conducted April 19, 1995, and the court submits this return of its findings.
 "The court finds that the state did not conduct a lengthy voir dire, but determined to strike potential jurors who were not highly skilled workers. While such a criterion could be used in a discriminatory manner, it appears to this judge that the state applied the test across racial lines.
 "The state struck two African-Americans. Juror 59 was a female who had been represented by defense counsel's partner. Juror 41, Mr. Hobbs, did not respond to any state question but was listed on the strike sheet as a custodian/busdriver. Since the state also struck white jurors numbered 51, 56, 39, 31, and 32 who were either low skilled workers or unemployed, the court determines that the strike of the black custodian/busdriver was not racially motivated and the reason given was race neutral. The court finds that juror 41 was not excluded on the basis of race."
Based on the aforementioned findings, the trial court did not err in holding that the appellant's Batson motion was without merit.
The judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.